**MEASUREMENT SPECIALITIES, INC., Plaintiff**

v.

**STAYHEALTHY.COM, Defendant.**

No. CIV.A. 03–3017.

United States District Court, E.D. Pennsylvania.

Aug. 5, 2003.

Lisa S. Bonsall, McCarter & English, LLP, Philadelphia, PA, for Plaintiff.

Grant S. Palmer, Evan Lechtman, Blank Rome Comisky & McCauley, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

### I.  Introduction

Defendant, Stayhealthy.com, moves to transfer this action to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a).  After consideration of the pleadings and submissions by the parties and for the reasons stated below, Defendant's motion shall be denied.

### II.  Factual Background

This action arises from a contract dispute between Plaintiff Measurement Specialties, Inc. (MSI), a New Jersey Corporation with its principal place of business in

Pennsylvania, and Defendant Stayhealthy.com, a California corporation. The court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(a)(2).

Plaintiff manufactures and distributes measurement equipment. Defendant purchases and sells such equipment. The complaint alleges that Plaintiff sold and delivered its product to Defendant on the promise that Defendant would pay within fourteen days of receipt or of customer's receipt of the product, and Defendant has failed to pay the full amount. Plaintiff manufactured and delivered its product to Defendant's customer, Amerisource Bergen Corporation (ABC), a Delaware corporation with offices in both California and Pennsylvania no later than April 17, 2003. After delivery, payment became due on MSI's invoices within fourteen days. There remains a balance of more than $1 million on MSI's account with Defendant.

MSI claims breach of contract, sale of goods, collection of account stated, collection on book account, unjust enrichment, quantum meruit, action for the price, and incidental damages. Plaintiff seeks compensatory damages in the amount of $1,185,842.21 in addition to interest, costs of suit, freight and storage charges.

Defendant has moved to transfer this action to the United States District Court for the Central District of California. At the heart of this Motion to Transfer is a disagreement over whether or not there was a valid forum-selection clause.

### III. *Legal Standard: Transfer of Venue*

A district court may transfer an action to any other district where it might have been brought, in the interests of justice or for the convenience of parties or witnesses. 28 U.S.C. § 1404(a). The purpose of the transfer section is to prevent waste of "time, money, and energy" and to "protect litigants, witnesses and the public against any unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (*quoting Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26–27, 80 S.Ct. 1470, 4 L.Ed.2d 1540(1960)).

■ Although a district court has discretion under § 1404, a motion to transfer is not to be liberally granted. *Ayling v. Travelers Prop. Cas. Corp.*, 1999 WL 994403, 1999 U.S. Dist. LEXIS 16716 (E.D.Pa.1999) (*citing Stewart Organization v. Ricoh, Inc.*, at 29, 108 S.Ct. 2239). The burden of establishing the need to transfer rests with the movant, and Plaintiff's choice of venue "should not be lightly disturbed". *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir.1995).

■ In deciding a motion to transfer, a court should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *State Farm*, 55 F.3d at 878. Among the private factors to be considered are: Plaintiff's choice of forum, Defendant's preference, whether the claim arose elsewhere, the relative convenience of the parties, the convenience of the witnesses, the location of books and records. The public interests for consideration include enforceability of the judgment, practical considerations of ease and expense, relative court congestion, local interest in resolving local issues, and the familiarity of the judge with the law that is to be applied. *State Farm*, 55 F.3d at 879–880.

■ A forum-selection clause is to be treated as a manifestation of parties' preference as to a convenient forum. *State Farm*, 55 F.3d at 880. Although such a

forum-selection clause should not be dispositive, it should receive "substantial consideration" in that a court's traditional deference to a plaintiff's choice of forum would be inappropriate where a plaintiff has already contracted as to an appropriate forum. *Id.* Where a forum-selection clause is valid, where there is no fraud, influence or overweening bargaining power, Plaintiff bears the burden of showing why it should not be bound by its contractual choice of forum. *Id.* It is conceivable that a court refuse to transfer an action even with a forum-selection clause, based on public interest factors. *Stewart Organization v. Ricoh, Corp.*, 487 U.S. 22, 30–31, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). The court must first determine whether venue would be proper in the transferee district. If venue would be proper, the court must proceed to the balancing test described above. *Ayling*, 1999 WL 994403 at *2, 1999 U.S. Dist. LEXIS at *6.

## IV. *Discussion*

### A. Would Venue Be Proper in the Central District of California?

An action where jurisdiction is founded only on diversity of citizenship can be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no other district in which the action may be brought. 28 U.S.C. § 1391(a). A defendant corporation is understood to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a state with multiple districts and in which the defendant is subject to personal jurisdiction, the corporation resides in any district in that state where its contacts are sufficient to subject it to personal jurisdiction if that district were its own state. 28 U.S.C. § 1391(c). Since Defendant is incorporated in California and has its principal place of business in Monrovia, CA, in the Central District of California, venue would be proper in the Central District.

### B. Balancing Test.

After ensuring that venue would be proper in the transferee district, the court must balance the public and private interests and the interests of justice. *State Farm*, 55 F.3d at 879. Among the issues that a court should consider are: (1) the convenience of preferences of both parties, including Plaintiff's choice of forum; (2) the convenience of the witnesses; (3) access to sources of proof, such as books and records; (4) practical considerations that make litigation easy, expeditious or inexpensive; (5) relative calendar congestion of the two districts; (6) where the events at issue took place and interests of local courts in deciding local issues; (7) the enforceability of the judgment; (8) the familiarity of the trial judge with the applicable law. *State Farm*, 55 F.3d at 879–880. We will discuss each of these issues in turn.

### (1) Preference of parties, including Plaintiff's choice of forum.

The primary issue here is the disagreement between the parties over the existence and content of a forum-selection clause. A valid forum-selection clause, one not characterized by fraud, influence or overweening bargaining power, can undermine the weight carried by Plaintiff's choice of forum. *State Farm*, 55 F.3d at 880. Such a clause would shift the burden to Plaintiff to demonstrate why it should not be bound by its contractual obligations. *Id.*

Defendant asserts that its Purchase Order 3878B included a forum-selection clause establishing California as the exclusive venue for an action. According to Defendant, the terms of 3878B were altered through a series of negotiations with Plaintiff. Since Plaintiff never objected to the forum-selection provision in these negotiations and proceeded with the sale of goods pursuant to 3878B, Plaintiff implicitly agreed to the forum-selection clause in 3878B and should be bound by it.

Plaintiff, MSI, has countered with its own invoices and an email from MSI's Director of Global Sales, Mr. MacGibbon, who negotiated with Mr. Brace, Defendant's President. Plaintiff argues that its product was ordered pursuant to the Terms and Conditions laid out in its quotation to Defendant, which was issued before Defendant's Purchase Order 3878B. These Terms and Conditions were also stated in Plaintiff's acknowledgements and invoices following the Purchase Order. MSI's Terms and Conditions included the following forum-selection clause:

> the contract shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania. Any lawsuit brought by Buyer arising out of the transactions covered hereunder shall be instituted in the appropriate state or federal court located in Philadelphia ... and buyer further submits itself to the jurisdiction of said courts in the event MSI elects to institute any action in said courts.

After receiving Defendant's Purchase Order 3878, MSI rejected the proposed Agreement Terms containing Defendant's forum-selection clause:

> Where the deliveries are to the United States the Measurement Specialties, Inc. submits to the jurisdiction of the courts of the state of California in the case of any legal proceeding with respect to this contract.

Mr. MacGibbon sent an email to Mr. Brace saying "MSI does not agree to the new agreement terms but does agree to work with Stayhealthy.com in good faith; item by item to a satisfactory solution...." Various provisions of 3878 were then addressed by the parties and modified, resulting in 3878B. Plaintiff asserts that it never assented to Defendant's forum-selection clause and that its written rejection, the email from Mr. MacGibbon to Mr. Brace, remained in effect. This rejection was reaffirmed by MSI's response to 3878B, an acknowledgement containing its own forum-selection clause. MSI also issued invoices with its own forum-selection clause.

A majority of courts recognize the knock-out rule, which cancels out terms in both parties' documents that conflict with each other, whether the terms are in confirmation notices or in the offer or acceptance themselves. *Reilly Foam Corp. v. Rubbermaid Corp.*, 206 F.Supp.2d 643, 654 (E.D.Pa.2002). The Pennsylvania Supreme Court has never ruled on this issue. However, the *Reilly* Court concurred with a 10th Circuit prediction in holding that the Pennsylvania Supreme Court would adopt the knockout rule. *Id.*, at 655. As support for its interpretation the *Reilly* Court looked to the Pennsylvania U.C.C., 13 Pa.C.S. § 2207(b) which states that: "Additional terms become part of the contract unless (1) the offer expressly limits the acceptance to terms of the offer; (2) the inserted term materially alters the offer; or (3) notification of objection to the inserted term has been given or is given within a reasonable time. In addition, the official comments to the Pa. U.C.C. support the knock-out rule saying:"

> Where clauses on confirming forms sent by both parties conflict each party must be assumed to object to a clause of the other conflicting with one on the confirmation sent by himself.... the conflict-

ing terms do not become part of the contract. The contract then consists of the terms originally expressly agreed to, terms on which the confirmations agree... 13 Pa.C.S. § 2207, cmt. 6.

The knock-out rule recognizes that the fundamental principle behind § 2207 is to repudiate the "mirror-image" rule. *Reilly*, at 654. Without the knock-out rule, the party making the offer has an inherent advantage over the other party. The *Reilly* Court held that it would be inequitable to allow the offeror to dictate the terms of the contract. This rule recognizes that "merchants may be willing to proceed even though not all the terms have been assented to." *Id.* In applying the rule, the *Reilly* Court cancelled out conflicting terms and preserved the remainder of the contract.

In this case, Plaintiff specifically registered its objection to Defendant's forum-selection clause in Mr. MacGibbon's email to Mr. Brace the day after receipt of Purchase Order 3878, meeting the requirement in § 2207(b)(3)of the U.C.C. Plaintiff's original quotation contained its forum-selection clause, as did its later documents. That Defendant included its own forum-selection clause in the Purchase Order shows that it did not assent to the forum-selection clause in Plaintiff's quotation. The terms of the parties' documents conflict on this issue. Plaintiff and Defendant clearly did not have a meeting of the minds.

Applying the knock-out rule, as the *Reilly* Court did, this court throws out both forum-selection clauses, leaving the remainder of the contract. In doing so, the court preserves the burden on the Defendant to show why Plaintiff's choice of forum should be rejected. Plaintiff's choice of forum retains its vitality as a significant consideration, not to be "lightly disturbed." *State Farm*, 55 F.3d at 878. Plaintiff's choice of forum weighs against transfer.

(2) Convenience of Witnesses.

On the one hand, Defendant's California witnesses would have to travel across the country. Defendant has not identified how many third party witnesses it has in California. On the other hand, Plaintiff's witnesses, six in all, are from Pennsylvania or nearby in New Jersey. There is dispute over whether the relevant witnesses from ABC are in California or Pennsylvania. Defendant has produced an affidavit from ABC from another action in which both ABC and Defendant are involved and in which ABC moved for transfer to California which asserts that many of the employees that are involved in that action are located in California. (Exhibit A, Defendant's Reply in Further Support of its Motion to Transfer.) While that may be true, that affidavit also confirms that ABC is a Delaware Corporation with its principle Place of Business in Pennsylvania and an office in California. The witnesses that are relevant to that action are not necessarily relevant to this action such that the fact that some of ABC's employees are in California does not overcome Plaintiff's choice of forum.

(3) Access to Sources of Proof.

Both parties have documents in both states. There is no difference between the two parties in terms of relative ability to get their documents to the final venue. This is not a situation where one party is at a financial or physical disadvantage relative to the other. *See Ayling v. Travelers*, 1999 WL 994403 at *2, 1999 U.S. Dist. at *8. Therefore this issue is neutral.

(4) Practical Considerations.

There are no such considerations in this case.

**644**

(5) Relative Calendar Congestion.

Neither party has argued that this is a significant factor. Therefore, this issue is also neutral.

(6) Interests of Local Courts in Deciding Local Issues.

Plaintiff argues that the meetings between Defendant and Plaintiff to finalize the contract took place in Pennsylvania. Therefore, if this issue carries any weight, it is against transfer.

(7) Enforceability of the Judgment.

There will be no difference between the two venues in terms of enforceability of the judgment. Therefore, this issue is neutral.

(8) Familiarity of the Trial Judge with Applicable Law.

Since neither forum-selection clause applies, the law to be applied is the relevant state law. This issue is neutral.

V. *Conclusion*

In light of the foregoing analysis, we find that Defendant has failed to meet its burden of overcoming Plaintiff's choice of forum. We therefore deny Defendant's Motion to Transfer the action to the United States District Court for the Central District of California.